# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| AARON PETITT, *et al.*, | CaseNo. 1:01CV2338 |
| Plaintiffs, | |
| -vs- | **CONSENT ORDER** |
| FAIRVIEW PARK SCHOOL DIST. BOARD OF EDUCATION, *et al.*, | |
| Defendants. | |

FILED NOV 29 2001 at 10:26 o'clock P. M.
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.

BAUGHMAN, JR., WILLIAM H., MAG. J.:

## I. INTRODUCTION

On October 9, 2001, Aaron Petitt, a junior at Fairview High School, instituted this action seeking, *inter alia*, a temporary restraining order against various school officials and against the school district for violations of the United States Constitution after he was suspended from school. The motion for emergency relief was granted and Aaron returned to school on October 10, 2001.

## II. CONSIDERATION

The parties recognize that the best interests of the parties and the public at large are often served by just and expeditious resolution of controversies. They further recognize that litigation may be expensive,

protracted and unproductive. Accordingly, the parties have been counseled by their attorneys and have encouraged efforts to achieve resolution of this matter. The parties acknowledge the sufficiency and adequacy of this and the additional consideration set forth in this Consent Order.

Defendants do not admit that they have violated the Constitution of the United States.

### III. TERMS OF THE CONSENT ORDER

#### A. PERMANENT INJUNCTION

The defendants, their agents, employees and all persons acting in concert with them, shall be permanently enjoined from engaging in any act or conduct toward the plaintiffs which would violate the First and Fourteenth Amendments to the Constitution of the United States.

#### B. NON-RETALIATION

The defendants, their agents, employees and all persons acting in concert with them, agree that they will not engage in any act or conduct which would have the effect of retaliating against the plaintiffs as a result their assertion of rights under the First and Fourteenth Amendments to the Constitution of the United States.

C.  **EXPUNGEMENT AND REMEDIATION**

The parties acknowledge that defendant McDaniel issued a decision on October 16, 2001, reversing the suspension of Aaron Petitt, ordering all references to the disciplinary action be expunged, and directing appropriate remediation be provided.

D.  **IN-SERVICE**

Defendants agree to conduct in-service training for its high school administrators and certificated/licensed faculty concerning the scope of students' constitutional rights. The in-service will be conducted by a licensed attorney.

E.  **AGREED JOINT STATEMENT**

The parties recognize that this case presents unique and challenging issues. The parties agree that school administrators and students face uncertainties in the aftermath of September 11, 2001. Administrators are charged with operating their schools in a safe manner so that there are no material and substantial disruptions and that the rights of expression do not impinge upon the rights of others. At the same time, students may express viewpoints, whether popular or

unpopular, without fear of disciplinary action or reprisal, consistent with a set of rules and notice given to all students.

Defendants agree that, while decisions concerning this matter were made in good faith, they express regret that this incident occurred.

### H. MISCELLANY AND COMPREHENSIVE RELEASES

In addition to the rights and responsibilities set forth herein, the parties agree that the defendants shall immediately and forthwith pay and plaintiffs shall immediately and forthwith accept the following:

(1) Two Thousand Dollars ($2,000.00) payable to Aaron Petitt;

(2) One Thousand Dollars ($1,000.00) payable to Betty Petitt and Alan Petitt; and

(3) Twenty-One Thousand Dollars ($21,000.00) payable to Avery S. Friedman. For purposes of this Consent Order, the fees paid to Avery S. Friedman shall be calculated using the hourly rate of three hundred dollars ($300.00).

The foregoing amounts set forth in Sections H(2) and H(3) shall be payable within ten (10) days from execution and approval of the United States

4

Magistrate Judge. The sum provided for in Section H(1) shall be payable upon approval of the Probate Court Division of the Court of Common Pleas of Cuyahoga County. The value set forth in this section of the Consent Order shall be, except for those rights as expressly set forth herein, inclusive of any and all claims for nominal damages, compensatory damages, punitive and exemplary damages, attorney fees and costs, relief provided by and through this Court or by and through any other court for any other claims, causes of action, actions, debt, allegation, assertion of whatever nature, type and kind, either known or unknown, on behalf of the plaintiffs, their assigns, executors, beneficiaries, employees, agents, predecessors-in-interest, successors-in-interest against the defendants, or any of them, their heirs, assigns, executors, beneficiaries, employees, agents, predecessors-in-interests, successors-in-interest or spouses from the beginning of time up to the present. The foregoing constitutes an express waiver and release of rights within an express period of time and shall be a comprehensive waiver of rights and defined herein, except for those expressly reserved herein. It is expressly understood that each of the parties have read the foregoing, understand the substance of the inclusions and voluntarily agrees to the foregoing.

It is the intention of Aaron Petitt to donate a portion of the settlement paid to him to the relief effort in New York City administered by The Red Cross.

## I. DISMISSAL OF COMPLAINT UPON COMPLIANCE

Upon compliance with the foregoing, this complaint shall be dismissed with prejudice against all defendants with the parties to bear their own respective costs.

## J. MISCELLANY

The parties have read the foregoing and have been advised by counsel as to the letter and meaning of the provisions of this Consent Order. They execute this Consent Order upon no other inducement, promise or representation other than that which has been expressly set forth herein and are under no liability, limitation or handicap in signing freely and knowingly. The parties reaffirm their understanding of the value of the foregoing consideration in expeditious resolution of this controversy, the avoidance of the time, expense and protraction of such litigation, the potential exposure in the event liability is established and the value of the foregoing resolution to the parties, the Court and to the public in general.

_Aaron Petitt_
AARON PETITT

_Elizabeth Petitt_
ELIZABETH PETITT

_Alan Petitt_
ALAN PETITT

FAIRVIEW PARK SCHOOL DISTRICT BOARD OF EDUCATION

By: _signature_

_President_
(Title)

_signature_
NYLAJEAN R. MCDANIEL

_signature_
CARY WILLGREN

_signature_
JAMES HAUGHTALING

7

**APPROVED:**

_____
AVERY FRIEDMAN (0006103)
Friedman & Associates
The City Club Building
850 Euclid Avenue, Suite 701
Cleveland, OH 44114
(216) 621-9282

_____
SCOTT C. PETERS (0059408)
Britton, McGown, Smith, Peters
 & Kalail Co., L.P.A.
Summit One, Suite 540
4700 Rockside Road
Cleveland, OH 44131
(216) 642-0323

Attorney for Defendants

_____
SARAH J. MOORE (0065381)
Sarah J. Moore, Co., L.P.A.
The City Club Building
850 Euclid Avenue, Suite 701
Cleveland, OH 44114
(216) 771-9745

_____
KENNETH D. MYERS (0053655)
The City Club Building
850 Euclid Avenue, Suite 701
Cleveland, OH 44114
(216) 241-3900

Attorneys for Plaintiffs

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
10/29/01
10:26 p.m.

8